# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 16-1012**  (BOR Appeal No. 2051264)
(Claim No. 2015030953)

**THOMAS R. WHITFIELD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Aimee Stern and Denise Pentino, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Thomas R. Whitfield, by M. Jane Glauser, his attorney, filed a timely response.

The issues presented in the instant appeal are Mr. Whitfield's request to add a tibial plateau fracture and medial meniscus tear as compensable components of his claim for workers' compensation benefits, his request for authorization of additional temporary total disability benefits, and his request for authorization of a right knee arthroscopy. On October 29, 2015, the claims administrator issued a decision correcting its October 14, 2015, decision holding Mr. Whitfield's claim for workers' compensation benefits compensable on a lost-time basis and reinstated its initial June 9, 2015, decision holding the claim compensable for a right knee contusion on a no-lost-time basis. In a second October 29, 2015, decision, the claims administrator corrected its October 6, 2015, decision adding a tibial plateau fracture and medial meniscus tear as compensable diagnoses to reflect that the diagnoses are not compensable. In a third October 29, 2015, decision, the claims administrator corrected its October 14, 2015, decision granting temporary total disability benefits to reflect that temporary total disability benefits are denied. In a fourth October 29, 2015, decision, the claims administrator corrected its October 21, 2015, decision granting additional temporary total disability benefits to reflect that temporary total disability benefits are denied. In a fifth October 29, 2015, decision, the claims administrator corrected its October 6, 2015, decision granting authorization for a right knee arthroscopy to reflect that authorization for the arthroscopy has been denied. Finally, on November 4, 2015, the claims administrator declared an overpayment of $15,523.26 arising from the claims administrator's October 29, 2015, decisions denying authorization of temporary total disability benefits. In its decision dated April 11, 2016, the Office of Judges reversed the six claims administrator's decisions in light of two prior Orders from the Office of Judges adding

1

additional compensable components to Mr. Whitfield's claim and granting him additional temporary total disability benefits. This appeal arises from the Board of Review's Final Order dated September 28, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Whitfield injured his right knee on April 25, 2015. On May 13, 2015, he completed a Report of Injury in which he indicated that his right knee was injured when it struck the interior frame of a piece of heavy machinery. Mr. Whitfield's claim for workers' compensation benefits was initially held compensable for a right knee contusion on a no-lost-time basis. However, an MRI performed on May 19, 2015, revealed a medial tibial plateau fracture, a tear of the medial meniscus, a large joint effusion, a sprain or partial tear of the lateral collateral ligament, and degeneration of both the anterior and posterior cruciate ligaments. Also on May 19, 2015, Ross Tennant, FNP, Mr. Whitfield's primary care provider, reviewed the results of the right knee MRI and opined that the findings revealed via the MRI are exceedingly severe in comparison with the mechanism of injury described by Mr. Whitfield, namely striking his knee on the interior of a piece of heavy machinery.

Orthopedic surgeon Allan Tissenbaum, M.D., evaluated Mr. Whitfield on May 27, 2015. Dr. Tissenbaum diagnosed Mr. Whitfield with a fractured tibial plateau and a medial meniscus tear, and initially recommended conservative treatment with physical therapy. On August 6, 2015, Dr. Tissenbaum authored a diagnosis update request in which he listed Mr. Whitfield's primary diagnosis as a tibia fracture and his secondary diagnosis as a medial meniscus tear. Additionally, Dr. Tissenbaum authored a medical statement on August 20, 2015, in which he indicated that a right knee arthroscopy is medically necessary for the treatment of the April 25, 2015, injury.[1]

Ira Ungar, M.D., performed a records review on August 31, 2015. He opined that the mechanism of injury described by Mr. Whitfield is inconsistent with the findings of the May 19, 2015, right knee MRI. Dr. Ungar opined that simply striking a knee against an object cannot cause a fracture of the tibial plateau. Finally, he opined that Mr. Whitfield was not temporarily totally disabled for more than three days as a result of the compensable right knee contusion.

Robert Fadel, M.D., performed a second records review on October 5, 2015. At the beginning of his report, Dr. Fadel characterized the April 25, 2015, injury as a blunt force injury

---

[1] The arthroscopy was performed by Dr. Tissenbaum on October 20, 2015.

and fall onto the right knee. He then opined that that an injury during which a partially flexed knee joint is subjected to weighted forces in varus alignment can result in a tibial plateau fracture, a meniscus tear, and a sprain. Dr. Fadel further opined that the diagnosis of a tibial plateau fracture and torn medial meniscus are causally related to the April 25, 2015, injury.

On October 29, 2015, the claims administrator issued a decision correcting its October 14, 2015, decision holding Mr. Whitfield's claim for workers' compensation benefits compensable on a lost-time basis and reinstated its initial June 9, 2015, decision holding the claim compensable for a right knee contusion on a no-lost-time basis. In a second October 29, 2015, decision, the claims administrator corrected its October 6, 2015, decision adding a tibial plateau fracture and medial meniscus tear as compensable diagnoses to reflect that the diagnoses are not compensable. In a third October 29, 2015, decision, the claims administrator corrected its October 14, 2015, decision granting temporary total disability benefits to reflect that temporary total disability benefits are denied. In a fourth October 29, 2015, decision, the claims administrator corrected its October 21, 2015, decision granting additional temporary total disability benefits to reflect that temporary total disability benefits are denied. In a fifth October 29, 2015, decision, the claims administrator corrected its October 6, 2015, decision granting authorization for a right knee arthroscopy to reflect that authorization for the arthroscopy has been denied. Finally, on November 4, 2015, the claims administrator declared an overpayment of $15,523.26 arising from the claims administrator's October 29, 2015, decisions denying authorization of temporary total disability benefits.

The Office of Judges reversed all five of the October 29, 2015, claims administrator's decisions, and also reversed the November 4, 2015, claims administrator's decision in consideration of its prior Orders dated November 23, 2015, and January 15, 2016, in which it added additional compensable diagnoses to Mr. Whitfield's claim and granted him additional temporary total disability benefits, respectively. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 28, 2016. On appeal, Murray American Energy, Inc., asserts that the evidence of record demonstrates that Mr. Whitfield did not sustain a tibial plateau fracture and medial meniscus tear as a result of the April 25, 2015, injury and, therefore, is not entitled to the authorization of additional medical treatment or temporary total disability benefits.

In its prior Order dated November 23, 2015, the Office of Judges added a tibial plateau fracture and torn medial meniscus as compensable components of the claim in reliance on Dr. Fadel's opinion. In its prior Order dated January 15, 2016, the Office of Judges granted temporary total disability benefits from May 15, 2015, through December 30, 2015, and thereafter as determined by the medical evidence of record. In granting temporary total disability benefits, the Office of Judges looked to its November 23, 2015, Order adding a tibial plateau fracture and torn medial meniscus as compensable diagnoses. The Office of Judges then found that these diagnoses required additional treatment, including surgery, which necessitated the authorization of temporary total disability benefits.

In the instant appeal, the Office of Judges reversed the five October 29, 2015, claims administrator's decisions, and also reversed the November 4, 2015, claims administrator's

3

decision, solely in reliance on its November 23, 2015, and January 15, 2016, Orders. However, in *Murray American Energy, Inc. v. Thomas R. Whitfield,* No. 16-0567 (W.Va. Supreme Court, May 5, 2017)(memorandum decision), we reversed the Board of Review's affirmation of the November 23, 2015, and January 15, 2016, Office of Judges' Orders based upon our determination that the Board of Review's decision was based upon a material misstatement or mischaracterization of the evidentiary record. Specifically, we found that the Office of Judges' and Board of Review's reliance upon the opinion of Dr. Fadel was misplaced inasmuch as Dr. Fadel's opinion was based upon an incorrect understanding of the circumstances of the April 25, 2015, injury. We noted that Dr. Fadel characterized the injury as a blunt force injury and fall, whereas Mr. Whitfield has clearly stated that the injury occurred when he struck his leg on the interior of a piece of heavy machinery. Therefore, in light of our decision in Appeal No. 16-0567, it is clear that the decision of the Board of Review affirming the Office of Judges' reversal of the six claims administrator's decisions must now be reversed.

For the foregoing reasons, we once again find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the case is remanded for further proceedings consistent with our decision in Appeal No. 16-0567.

Reversed and remanded.

**ISSUED: August 24, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Margaret L. Workman

4